## AYRES v. UNITED STATES.

### No. 13590.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1952.

Rehearing Denied March 20, 1952.

Charles H. Sherman, Jr., Houston, Tex., for appellant.

William R. Eckhardt, Asst. U. S. Atty., Brian S. Odem, U. S. Atty., and John C. Snodgrass, Asst. U. S. Atty., all of Houston, Tex., for appellee.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a judgment convicting appellant, James H. Ayres, of knowingly making a false, forged and counterfeited letter and notary attestation to a Selective Service Board in support of a request for a III-A classification for his brother-in-law, Theodore Kipperman, in violation of section 462, Title 50, Appendix, U.S.C.A. Appellant here contends that the trial court erred (1) in not granting his motion for a directed verdict at the conclusion of the government's case, (2) in refusing to hear evidence as to the voluntariness or involuntariness of an inculpatory statement, and (3) in the admission of certain evidence.

■ There is an abundance of evidence which points unerringly to the guilt of the appellant. Mrs. Charlotte Hurd, clerk of Local Board 58, Selective Service System, testified that Theodore Kipperman was a registrant of Local Board No. 58, Houston, Texas; that she had advised him that it would be necessary for him to submit notarized statements in support of his claim for a deferred III-A classification; and that following this conversation appellant and Theodore Kipperman visited the local draft board office and delivered to her a letter purportedly signed by Mrs. O. W. Tidwell and attested to by the appellant as a notary public. So far as here material, the letter stated that Mrs. Tidwell had been acquainted with Theodore Kipperman and his mother for approximately five years and during this period, to the best of her knowledge, he had been the sole support of his mother. Mrs. Tidwell, a witness for the government, testified that she did not write the letter, did not sign it and did not authorize anyone to sign it for her. She swore that she had known Kipperman and his mother for only a short period of time and had no knowledge as to whether he had been the sole support of his mother during the five year period set forth in the letter. She also testified that after the Federal Bureau of Investigation commenced making inquiries concerning the letter appellant asked her to refrain from disclosing that she had not

signed it and admitted to her that he had written the letter and signed her name to it. There was also evidence to show that in a prior *habeas corpus* proceeding, which was filed by Kipperman to test the legality of his induction, appellant admitted under oath that he signed Mrs. Tidwell's name to the letter in question. With this competent and substantial evidence before the jury, fairly tending to sustain if not to compel the verdict, the trial court was clearly right in refusing to grant appellant's motion for a directed verdict. Burton v. United States, 202 U.S. 344, 373, 26 S.Ct. 688, 50 L.Ed. 1057.

His second point, that the trial court erred in refusing to hear evidence as to the voluntariness of his inculpatory admission at a prior judicial hearing, is likewise without merit. In the *habeas corpus* proceeding appellant was subpoenaed as a witness by the government, and in the course of his testimony swore that he had signed the letter for Mrs. Tidwell. At the criminal trial the government produced a witness to prove this fact and appellant's counsel interposed an objection and requested that he be permitted to place the appellant on the stand to show that he had testified in the civil proceeding under the compulsion of a subpoena and therefore his testimony was not voluntarily given. After hearing the argument of counsel out of the presence of the jury and doubtlessly being aware that the objection was not founded on fact, the trial judge ruled the evidence admissible. Thereafter, the defendant when testifying on his own behalf again admitted signing the letter and stated that he did not testify voluntarily at the civil proceeding but in obedience to a subpoena.

■ At the trial appellant did not contend that he claimed his right to remain silent when called to testify at the civil proceeding; nor does he contend that the admission was induced by or made as the result of force, fear, threats, promises, offers of reward or any other improper influences but merely that the testimony was given in response to a subpoena and, therefore, was not voluntary. But, clearly, the subpoena did not compel him to testify; it only compelled him to attend. It is of course true

the appellant might have declined to testify on the ground that his testimony might incriminate him. But having failed to do that and having testified, his admission was available and the trial judge correctly so held. Knoell v. United States, 3 Cir., 239 F. 16; Czarlinsky v. United States, 10 Cir., 54 F.2d 889. It further appears that the appellant testified upon his trial as to the circumstances under which he gave the testimony in the prior civil proceeding and again admitted signing the letter but contended by way of defense that he was authorized to do so. This exculpatory evidence was apparently rejected by the jury.

Counsel for appellant finally contends that the court erred in admitting a prior inconsistent statement made by defendant to an agent of the Federal Bureau of Investigation to the effect that Mrs. Tidwell signed her name to the letter and he notarized it. We are in no doubt that the testimony was properly admitted and we deem it unnecessary to discuss this assignment of error.

Affirmed.