No. 85-262

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

T. W. ,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mike Greely, Attorney General, Helena, Montana
Kimberly A. Kradolfer argued, Asst. Atty. General
Sherry Petrovich Stadler argued, Legal Intern for
Attorney General, Helena, Montana
Harold Hanser, County Attorney, Billings, Montana
Teresa McCann O'Connor argued, Deputy County Attorney

For Respondent:

John Adams argued, Billings, Montana

---

Submitted: January 16, 1986

Decided: February 25, 1986

Filed: FEB 25 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an interlocutory appeal filed by the State of Montana after the District Court granted defendant's motion in limine precluding the State from using in any way defendant's Youth Court records and from offering or attempting to offer any evidence of alleged prior offenses which occurred while the defendant was a minor. We reverse and remand for trial consistent with the holding in this opinion.

The defendant, T. W., is charged with incest, pursuant to § 45-5-507, MCA. This offense was committed April 2, 1984, against his fifteen year old sister who is developmentally disabled and functions at an IQ level of about 81.

Prior to this incident, the victim had been placed in various foster homes because her mother was having mental problems. She spent weekends in her mother's home. During one of these weekend visits, T. W. took her into her mother's bedroom, pushed her face down on the bed with his hand over her mouth so she could not scream and pressed his erect penis against her buttocks to stimulate himself. When their mother discovered them, the victim was crying.

This incident was reported to the Department of Social and Rehabilitation Services (SRS) but no charges were filed. The matter was disposed of informally, rather than being adjudicated in Youth Court. The victim's foster care was continued. T. W. was given the opportunity to join the Army and did so in March, 1981. The victim then returned home pursuant to court order.

When T. W.'s tour of duty ended in March, 1984, he returned to Montana, to live with an aunt. He visited his mother April 2 when he again molested the victim after following her into her bedroom. He fondled the victim's breasts and pushed his hands into her pants. He told her not to tell anyone. She reported the incident to school personnel who reported to SRS and law enforcement personnel. T. W. denies the offense and has offered to join the Navy.

Defense counsel filed its motion in limine to preclude the State from using evidence of any incidents prior to the one at issue. The State filed a notice of intent to rely on evidence of other crimes pursuant to Rule 404(b) M.R.Evid. Defendant's motion in limine was granted.

The issues presented for appeal are:

(1) Whether the Youth Court Act prohibits the introduction of acts committed by the defendant when he was a juvenile.

(2) Whether the past act is admissible as other crimes evidence under Rule 404(b), M.R.Evid., and State v. Just (1979), 184 Mont. 262, 602 P.2d 957. The Montana Youth Court Act does not prevent the mother from testifying. The testimony at issue here concerns defendant's mother relating what she observed of defendant on other occassions. The State does not seek to use any statements made by a participant during a juvenile proceeding. The applicable statute is § 41-5-402, MCA, which provides:

> An incriminating statement relating to any act or omission constituting delinquency or need of supervision made by the participant to the person giving counsel or advice in the discussions or conferences incident thereto may not be used against the declarant in any proceeding under this chapter, nor may the incriminating statement be admissible

in any criminal proceeding against the declarant.

Since no statement of a "participant" is here involved, the testimony given by the mother of the defendant is not privileged under § 41-5-402, MCA.

This Court recognizes that:

> Generally, evidence of other offenses or of other similar acts at other times is inadmissible for the purpose of showing the commission of the particular criminal offense charged. [Citations omitted.] The reason is that the defendant is entitled to be informed of the offense charged so that he need prepare his defense only to that particular offense. Proof of other offenses subjects him to surprise and to a defense of multiple collateral or unrelated issues. [Citations omitted.] This rule applies to evidence of other offenses regardless of whether defendant was actually charged with the other offense. [Citations omitted.]

Just, 184 Mont. at 267-68, 602 P.2d at 960.

There is an important exception to this general rule,

> which . . . in this jurisdiction, is of ancient lineage. Simply put, the evidence of prior sexual acts by a defendant and a [victim] is admissible in a trial for a sexual offense[:]
>
> . . .
>
> (1) When similar acts with the same prosecuting witness are involved;
>
> (2) When similar acts are not too remote in time; and
>
> (3) When evidence of other offenses tends to establish a common scheme, plan or system, where such other offenses are similar to, closely connected with and not too remote from the one charged, and where they are so that the proof of one tends to establish the other. [Citations omitted.]

Just, 184 Mont. at 267-68, 602 P.2d at 960.

The rule and the exception is codified in Rule 404(b), M.R.Evid.:

4

> Evidence of other crimes, wrongs, or acts
> is not admissible to prove the character
> of a person in order to show that he
> acted in conformity therewith.  It may,
> however, be admissible for other
> purposes, such as proof of motive,
> opportunity, intent, preparation, plan,
> knowledge, identity, or absence of
> mistake or accident.

The Commission Comment to Rule 404(b), M.R.Evid, is clear. The commission intended "that there be no change in the admissibility of such evidence under existing Montana law." In order to protect defendants in criminal cases, the potentially prejudicial evidence of other crimes or wrongful acts is weighed against its probative value by applying three factors identified in State v. Jensen (1969), 153 Mont. 233, 239, 455 P.2d 631, 634, and reiterated in Just, supra. The fourth element was added and applied in Just. These four elements have come to be known as the "Just test" or "Just formula" and must be applied before allowing evidence of a defendant's prior sexual acts against the same victim.

The order of the District Court granting defendant's motion in limine is bottomed on application of only one element of the Just test and the Youth Court Act. As noted above the Youth Court Act is not applicable in this case. While failure of questioned evidence to meet only one element of the Just test is not sufficient to refuse its admission, a decision to admit the evidence should not be made lightly. The four factors must be considered together.

The victim in this case had been molested by her brother four years prior to the incident which is the object of this action.  The lower court found this length of time to be too remote, citing State v. Hansen (1980), 187 Mont. 91, 608 P.2d 1083, where the Court found two acts, two and one-half years apart, were too remote and therefore not

5

admissible. However, the Court also concluded the sequence of evidence had no distinctive qualities that distinguished the acts from other rapes, nor did the crimes tend to establish a common scheme, plan or system. Hansen, 187 Mont. at 97, 607 P.2d at 1086-87. If none of the elements are met, the probative value of the evidence is not substantially outweighed by the prejudice to the defendant and the evidence can not be admitted. Hansen, 187 Mont. at 100, 608 P.2d at 1088. Hansen does not hold that failure to meet only one element of the Just formula deems the prejudicial effect on the defendant sufficient to refuse admission of prior acts.

The lower court in this case applied only the element of remoteness to the facts. "The objection that evidence is too remote is directed to the discretion of the court and is a matter that goes to the credibility of the evidence rather than to its admissibility." State v. Saterfield (1943), 114 Mont. 122, 127, 132 P.2d 372, 373-74; State v. Nelson (1961), 139 Mont. 180, 186, 362 P.2d 224, 228; State v. Fitzpatrick (1980), 186 Mont. 187, 209, 606 P.2d 1343, 1355; State v. Doll (Mont. 1985), 629 P.2d 473, 476, 42 St.Rep. 40, 44.

The determination of a trial judge that evidence is too remote to be relevant will not be reversed in the absence of clear proof of an abuse of that discretion. Nelson, 139 Mont. at 186, 362 P.2d at 228. In this instance the lower court's determination that the previous incident was too remote to be admissible is error. Admission of evidence cannot be denied solely on the fact it was not near in time to the incident in question. Factors other than mere lapse of time must be determined by the circumstances of the case. Satterfield, 114 Mont. at 127, 132 P.2d at 373; Nelson, 139

6

Mont. at 186, 362 P.2d at 228; Fitzpatrick, 186 Mont. at 209, 606 P.2d at 1355; Doll, 629 P.2d at 476, 42 St.Rep. at 44.

The Wisconsin Supreme Court found when analyzing the probative value of a prior incident that remoteness in point of time "does not necessarily render evidence irrelevant . . . " Sanford v. State (Wis. 1977), 250 N.W.2d 348, 352. Place and circumstances also must be considered. The Wisconsin case involved the rape of a woman who was accosted by the suspect after she had exited a public bus. He asked her innocuous questions to get her attention, then approached her from behind, put what he said was a gun in her back, took her to a garage where he ordered her to remove her jacket and lie down on it, and committed an act of rape on her. In an incident occurring one and one-half years earlier, a person identified as the same defendant had followed this pattern of behavior almost exactly. The court allowed the evidence of the earlier incident to be admitted to show identity, because it was similar in character to the case being tried. However, the court also said evidence cannot be admitted,

> when the lapsed time is so great as to negative all rationale or logical connection between the facts sought to be proved and the remote evidence offered in proof thereof.

Sanford, 250 N.W.2d at 352.

We do not find in the case at bar that the evidence is so remote as to have no evidentiary value. While the actual length of time between the two incidents was four years, the opportunity for an encounter between T. W. and his sister did not reoccur during that four year period. If in fact the second alleged incident did occur, it occurred at the first

7

opportunity, making the actual time period between the two incidents less significant. The reasoning of the Wisconsin Court is persuasive and we adopt it:

> . . . [A]ny issue as to remoteness of the prior incident is almost completely diffused by the fact that during the time gap between the prior incident and the rape, defendant was in confinement in a correctional institution.

Sanford, 250 N.W.2d at 352.

Because of the developmental disability of the victim, extraordinary care must be exercised in deciding whether or not to admit evidence of T. W.'s previous sexual conduct with her. The State cannot expect routine admissions of past acts anymore than the defendant can rely on their automatic exclusion for any reason other than the Just exceptions. While the Court is mindful that the exceptions can swallow the rule, particularly in a case such as this one, where the mental capacity of the witness is impaired, those exceptions must be adhered to scrupulously to assure fairness to both parties. In this case both acts were sexual in nature. The acts occurred in the victim's bedroom or one she shared with her mother. The act in question occurred at the first opportunity after the previous act. These facts tend to establish a common scheme or plan. The evidence the State wishes to introduce is for the purpose of showing defendant's motive, opportunity and intent--allowable exceptions under Rule 404(b), M.R.Evid. Because the parties are the same and because of the similarities between the two acts and the circumstances surrounding the acts, the probative value of the evidence is not substantially outweighed by the prejudice to the defendant.

An issue of first impression raised by the Court and ordered briefed by counsel is whether the pre-trial order denying the State's motion ᵍᵗ in limine is appealable within the scope of § 46-20-103, MCA, pertinent parts of which are set forth below:

> (1) Except as otherwise specifically authorized, the state may not appeal in a criminal case.
>
> (2) The state may appeal from any court order or judgment the substantive effect of which results in;
>
> . . .
>
> (e) suppressing evidence . . .

Although the term suppression is not defined in the Montana Code Annotated or in Montana case law, "suppress" means "to effectively prevent from using." Rogers v. United States (D.C. Cal. 1958), 158 F.Supp. 670, 680.

In the past this Court has accepted interlocutory appeals by the State when the ruling by the District Court had the substantive effect of suppressing evidence, and involving constitutional rights of the defendants. Nor were the cases limited to the precise situations set forth in § 46-13-301, MCA, (motion to suppress confession or admission), or § 46-13-302, MCA, (motion to suppress evidence illegally seized). See State v. Johnson (Mont. 1983), 674 P.2d 1077, 40 St.Rep. 1990, cert. denied (1984), ____ U.S. ____, 104 S.Ct. 2693, 81 L.Ed.2d 365, (voice identification of defendant was suppressed); State v. Jackson (1981), 195 Mont. 185, 637 P.2d 1, (evidence of defendant's refusal to take a breath-test was suppressed); State v. Ulrich (1980), 187 Mont. 347, 609 P.2d 1218, (results of neutron activation test were suppressed).

In the case at bar, however, defendant's constitutional rights are not at issue, and the question to be addressed is whether a broader interpretation of the statute is appropriate. The State argues without evidence of prior instances of contact between T. W. and his sister, its ability to prosecute the case will be severely impaired. The trial will be solely a question of credibility between the defendant and the victim. The Kansas and Illinois Supreme Courts have strongly rejected a narrow interpretation of similar statutory language which would limit interlocutory appeals by the State to situations in which evidence had been suppressed because it was obtained in violation of constitutinal rights. See State v. Newman (Kan. 1984), 680 P.2d 257, and People v. Young (Ill. 1980), 412 N.E.2d 501. The Illinois Court in Young allows pretrial interlocutory appeals in criminal cases whenever the prosecutor certifies to the trial court that suppression substantially impairs the State's ability to prosecute. 412 N.E.2d at 507. The high court refused to formulate a standard by which lower courts could determine the appealability of a certain order, relying instead on the "good-faith evaluation of the prosecutor of the impact of the suppression order on his case." Young, 412 N.E.2d at 507.

There is an important distinction between interlocutory appeals on pre-trial rulings and those taken in the course of the trial. Mid-trial appeals place the defendant in double jeopardy in violation of the Fifth Amendment to the United States Constitution and Article II, Section 5 of the Montana State Constitution and are not appealable. State v. Carney (Mont. 1986), _____ P.2d _____, 43 St.Rep. 54. No jeopardy attaches here, as the jury had not yet been sworn. Crist v.

Bretz (1978), 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24. Because there is no double jeopardy problem in this case the ruling is appealable.

We reverse the order of the District Court and remand with instructions to try the case on its merits consistent with this opinion.

John Conway Harrison
Justice

We concur:

C. A. Turnage
Chief Justice

John C. Sheehy

Frank B. Morrison

Daniel J. Shea

L. C. Gulbrandson

William E. Hunt Sr.
Justices

11