MR. JUSTICE McDONOUGH,
dissenting:
*54 I dissent as to the third issue of whether the testimony of J.M. as to prior criminal acts was properly admitted by the trial court.
The general rule is that evidence of other crimes must be excluded. Rule 404(b), M.R.Evid. In State v. Tiedemann (1961), 139 Mont. 237, 362 P.2d 529, we said:
“The general rule should be strictly enforced in all cases where applicable, because of the prejudicial effect and injustice of such evidence, and should not be departed from except under conditions which clearly justify such a departure. The exceptions should be carefully limited, and their number and scope not increased.”
Tiedemann, 362 P.2d at 531.
The reason for the rule is that prior bad acts are usually considered irrelevant and prejudicial. They tend to show defendant is a bad person or has criminal propensities, and on that basis juries may find that defendant committed the crime actually charged. In other words, they do not prove the crime charged, but only go to defendant’s character or propensities. Also, as a matter of policy, they are inadmissible because there is a tendency for the trier of fact to give excessive weight to such acts, and to justify defendant’s punishment irrespective of whether defendant is guilty of the present charge. As said in State v. Jensen (1969), 153 Mont. 233, 238, 455 P.2d 631, 633:
“[t]hat when a defendant is put on trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone; ...”
There are exceptions to the general rule prohibiting introduction of prior bad acts. Rule 404(b), M.R.Evid. They may be admitted, but only for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The majority here holds that the evidence of the prior acts showed opportunity and motive. Motive is not really an issue in this case. It is self-evident that the motive for commission of these acts was sexual gratification. Opportunity is also not an issue because anyone in a parental capacity would have plenty of opportunity to commit this type of crime. Moreover, the State appears to have relied on the common plan exception for relevance on the bad acts issue, not opportunity.
Beyond the procedural requirements of notice, explanations, warnings and instructions, State v. Just (1979), 184 Mont. 262, 602 P.2d 957, set out a four-point test: similarity of crimes or acts; nearness in *55 time; tendency to establish a plan; and the probative value of evidence as weighed against its prejudice to defendant.
As to similarity, the act charged here was that of touching the genitalia by both the victim and the defendant and it is the same as some of the acts with J.M., but there is nothing distinguishing. The dominant prior acts with J.M. were the crimes of sexual intercourse without consent with a minor. There is no unique similarity between the prior acts and the case at bar other than the fact that both are sex crimes. Sexual intercourse without consent is a much more serious crime than sexual assault. See Sections 45-5-502 and 503, MCA. The former is a sex crime, but it is not the same as the latter, just as all larcenies are not the same. In order to tie the defendant into a plan or method of operation, there must be something distinguishable and identifiable. Otherwise the other acts are not relevant and material.
As to nearness in time, over five years elapsed between the last act with T.M. and the first with S.A. There is no continuous series of acts tending to show intentional plan by defendant. In State v. T. W. (Mont. 1986), [220 Mont. 280,] 715 P.2d 428, 43 St.Rep. 368, the interval was four years, and the prior acts were with the same victim. Because they were with the same victim, the acts in T. W. were more readily admissible. The separate crimes in this case were not a part of the history of the case, nor did they have any integrated tie-in. They were entirely separate, with some even allegedly committed in different states.
To establish a common plan, the “plan” must be a general or larger course of action. The State’s position is that Eiler’s plan was to commit sexual assault on a stepdaughter when he had an opportunity while the mother was out of the household, or when he and the victim were away from the household. This is inherently weak. It implies that one of the reasons he married S.A.’s mother was because she had a minor daughter. There is nothing more here than the general acts of a pedophile when he would have opportunity.
The probative value of T.M.’s testimony as to the crime charged is outweighed by its prejudice to the defendant. The evidence meeting each of the first three tests of the Just rule is weak. The testimony of S.A., the victim, is not the strongest because of her age and was bolstered by the testimony of the psychologist.
Other evidence of defendant’s guilt is not so overwhelming as to bend the general rule on the inadmissibility of evidence of other crimes. The lack of strength in the evidence of the crime charged *56 also contributed to the prejudicial effect of the prior crimes. The defendant in this case should not be punished for the alleged crimes against T.M. on which the statute of limitations has run.
Another reason that caution should be employed in the admissibility of evidence of other crimes is that it opens up other issues which by inference or direct action or comment would greatly lessen a defendant’s rights against self-incrimination as to the crime actually charged.
If such evidence is ruled admissible to show a plan, scheme, etc., then it goes to the merits of the main charge, and if defendant testifies, denying and contesting such evidence of other crimes, defendant is now into the merits of the main charge and defendant has forfeited his or her constitutional Fifth Amendment protection as to the main charge. See McGahee v. Massey, (11th Cir. 1982), 667 F.2d 1357, 1362.
The testimony of T.M. was prejudicial to the defendant under these circumstances. It was an abuse of discretion to admit such testimony and I would reverse defendant’s conviction and remand for new trial.
MR. JUSTICES SHEEHY and HUNT join in the foregoing dissent.