No. 87-283

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

STATE OF MONTANA,

         Plaintiff and Respondent,

  -vs-

STACY GENE HALL,

         Defendant and Appellant.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Dirk Beccari, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Barbara Claassen, Asst. Atty. General, Helena
        Robert L. Deschamps, III, County Attorney, Missoula,
        Montana;  Ed McLean, Deputy County Attorney

_____

Submitted on Briefs:  July 14, 1988

Decided:  September 15, 1988

Filed:  SEP 1 5 1988

*Ethel M. Harrison*

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Stacy Gene Hall appeals his jury conviction of felony theft, in violation of § 45-6-301, MCA. Appellant was charged by information with three counts of theft of radio equipment and tried in the District Court of the Fourth Judicial District, Missoula County, Judge Douglas G. Harkin presiding. From the trial of early October 1985, the jury did not return a verdict and a mistrial was called. A second jury trial was scheduled for September 25, 1986. In that trial, Hall was found guilty of all three counts of theft and was sentenced to three ten-year terms to run consecutively, with seven years suspended on each term.

We affirm.

The issues on appeal are:

1. Whether the District Court properly admitted evidence of other acts.

2. Whether the District Court properly admitted appellant's first trial testimony in a second trial at which appellant did not testify.

3. Whether the doctrine of cumulative error is applicable in the case on appeal.

On January 22, 1985, Missoula police searched the residence of appellant pursuant to a search warrant and found radio equipment which had been reported as stolen from three Missoula radio stations. The equipment consisted of a disco unit with two turntables, a control board set in a portable cabinet, a cartridge rack, a cartridge eraser/splicer-finder, a cartridge recorder player, microphones, an adaptor, and numerous two-track cartridges. The pieces had been taken from KGVO radio station, KUFM, and FGRZ radio. The search warrant was issued when the equipment was identified in a

picture of Stacy Hall and his low power radio station featured in the <u>Missoulian</u> newspaper.

At the October 3, 1985 trial, the jury was unable to reach the necessary unanimous decision on any of the counts for which the judge declared a mistrial and set a date for a second trial.

The defendant testified at the first trial but chose to refrain from testifying in his second trial declaring his right against self-incrimination under the Fifth Amendment. The State introduced into evidence portions of Hall's testimony from the first trial. The District Court allowed the evidence pursuant to Rule 801, M.R.Evid. Defendant objected alleging that the testimony was not an admission by a party-opponent according to Rule 801(d)(2), M.R.Evid. Furthermore, the State introduced the testimony from the first trial to rebut testimony of defendant's witness. Appellant contended that this was an improper use of Hall's former testimony. Defendant also objected on the grounds that the new trial nullified any previous testimony of Hall. However, the District Court ruled that the testimony was admissible.

Hall was convicted on all three counts of felony theft and on December 15, 1986, was sentenced to thirty years in the Montana State Prison, with all but nine years suspended.

Appellant first contends that the District Court improperly admitted evidence of appellant's others acts. The State attempted to introduce evidence of a burglary committed on August 4, 1984, to which Hall plead guilty. The item taken in the burglary was a stereo cartridge. The State introduced this evidence because the stereo cartridge was compatible with the radio equipment taken from the three radio stations for running a low power radio station.

The requirements for proper admittance of prior acts evidence is found in State v. Just (1979), 184 Mont. 262, 602

3

P.2d 957. At the procedural level, the party introducing evidence of prior acts must give advance notice of its intent to offer the prior acts into evidence. At the time that the evidence is offered, the judge must warn the jury that the prior acts evidence is admitted not to prove the defendant is of bad character but rather to show a common scheme, plan, or design by the defendant. Third, before jury deliberations, a special instruction is given to the jury to admonish them of the proper purpose for which the evidence is to be offered.

Once the State has fulfilled the requirements, the District Court applies the four-part test espoused in Just, 184 Mont. at 269, 602 P.2d at 961:

1. Similarity of crimes or acts;

2. nearness in time; and

3. tendency to establish a common scheme, plan or system; and

4. the probative value of the evidence is not substantially outweighed by the prejudice to the defendant.

Appellant contends that the burglary and the theft are not similar crimes. Although the charges are distinct, the acts are similar. Both were the illegal conversion of radio equipment, compatible for use in a low power radio station. In State v. Tecca (Mont. 1986), 714 P.2d 136, 43 St.Rep. 264, we held that the acts come within the Just exception if they are sufficiently similar to sustain admission. In State v. Clausen (Mont. 1987), 740 P.2d 679, 44 St.Rep. 1308, where the defendant was charged with possession of marijuana, psilocybin and magic mushrooms, evidence of prior acts of selling cocaine was admitted. We declared that the difference in the types of drugs and their quantities were irrelevant--the similarity was in the defendant's actions.

4

In the case on appeal, although the charges were different, the defendant's actions of illegally taking radio equipment were the same. The acts here are sufficiently similar.

The second _Just_ requirement is nearness in time. Since there was a time span of only six months between the acts, remoteness is not at issue.

The third tier of the _Just_ test is whether the prior acts tend to show a common scheme, plan or system. Both the equipment taken in the theft and the equipment taken in the burglary are suitable for use in a low power radio station. The equipment taken was similar. In both instances, appellant went to the business where the equipment was located, acting as if he was on official business, in order to gain entrance to take the equipment. This tends to show a common scheme, plan, or system.

Although there may be some showing of prejudice towards appellant by admitting evidence of prior acts, the probative value outweighs the prejudicial effect because the acts are similar, are near in time, and show a common scheme. It is important to look at all four factors of the _Just_ test when determining the admissibility of prior acts evidence.

> . . . failure of questioned evidence to meet only one element of the _Just_ test is not sufficient to refuse its admission, a decision to admit the evidence should not be made lightly. The four factors must be considered together.

State v. T.W. (Mont. 1986), 715 P.2d 428, 430, 43 St.Rep. 368, 371.

We hold that evidence of prior crimes or acts by Hall was properly admitted.

The second issue is whether the District Court properly admitted defendant's testimony from the first trial in the

second trial at which the defendant did not testify.  Section 46-16-701, MCA, reads:

> A "new trial" is a reexamination of the issue in the same court before another jury after a verdict or finding has been rendered.  The granting of a new trial places the parties in the same position as if there had been no trial.

In conjunction with § 46-16-701, § 46-16-702 provides in pertinent part:

> (1) Following a verdict or finding of guilty, the court may grant the defendant a new trial if required in the interest of justice.

Appellant contends that § 46-16-701 is applicable and that in the case of the second trial here, no testimony from the first trial can be used because it is a nullity.

The statutes show that a new trial may be granted only where there has been a "finding" or a "verdict of guilty" in the former trial.  Black's Dictionary defines a verdict as: "The formal decision or finding made by a jury, . . ." A "finding" is defined as:  "A decision upon a question of fact reached as the result of a judicial examination or investigation by a court, jury, . . . etc."  A hung jury is defined in Black's as: "A jury so irreconcilably divided in opinion that they cannot agree upon any verdict."  Black's Law Dictionary (5th ed. 1979).

Appellant contends that there was a "finding" in the previous trial and §§ 46-16-701 and -702 apply, preventing former testimony from being admissible. However, it is clear that there was no finding.  The hung jury and mistrial do not meet the requisite standards of finding or verdict in §§ 46-16-701 and -702.  Therefore, we hold that the statutes are not applicable. Sections 46-16-701 and -702 are concerned with a new trial in the interests of justice only for

6

defendants who have been convicted. New trials where prior testimony is not allowed must be granted on a limited basis, limited by §§ 46-16-701 and -702 after a jury verdict of guilty or a finding of guilty by the court.

The District Court made its finding on the grounds that the former testimony by Hall was an admission of a party-opponent within the confines of Rule 801, M.R.Evid. Rule 801(d)(2) provides in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if:
>
> . . .
>
> (2) Admission by party-opponent. The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity, or (B) a statement of which he has manifested his adoption or belief in its truth . . .

The State introduced the former testimony of Hall as an admission by Hall regarding his possession of the stereo and radio equipment in question. Statements made by a declarant who is a party-opponent are simply not classified as hearsay, but are admissions by him which are used later against his interest.

The statements made by Hall are reliable because they were made voluntarily, under oath, and with the opportunity of cross-examination. At the time that the appellant testified, he was represented by counsel and voluntarily took the stand. Once the defendant took the stand voluntarily, under oath, and subject to cross-examination, he made a knowing and intelligent waiver:

> A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is

7

> no less effective or complete because
> the defendant may have been motivated to
> take the witness stand in the first
> place only by reason of the strength of
> the lawful evidence adduced against him.

Harrison v. United States (1968), 392 U.S. 219, 222, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047, 1051. When appellant makes admissions, whether down at the local tavern or under oath, the statements can be used against his interest at later proceedings. The fact that the admissions have been made under oath bolsters their reliability. Therefore, under Rule 801(d)(2), M.R.Evid., in testifying at the first trial, the appellant made admissions which were properly admitted by the District Court in the second trial.

Applicable to the question of former testimony introduced into evidence at subsequent trials is Rule 804, M.R.Evid. Rule 804 provides, in pertinent part:

> Rule 804. Hearsay Exceptions: declarant unavailable.
>
> (a) Definition of unavailability. Unavailability as a witness includes situations in which the declarant:
>
> (1) <u>is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement</u>; [emphasis supplied]
>
> . . .
>
> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, . . . (B) in criminal actions and proceedings, if the party against whom the testimony is now offered had an opportunity and similar

8

> motive to develop the testimony by
> direct, cross, and redirect examination.

Because Hall chose to not testify he was declared unavailable by the court as a matter of privilege. As an unavailable witness, his former testimony can be used in the second trial where he had the opportunity to decide whether or not to testify.

Whether testimony of the defendant from the previous trial may be used at the second trial is a question of first impression before this Court. There are no Montana cases which specifically address the use of prior testimony in subsequent trials. The Court of Appeals from the District of Columbia discussed the issue in Edmonds v. United States (D.C. Cir. 1959), 273 F.2d 108, 112-113, cert. denied, 362 U.S. 977, 80 S.Ct. 1062, 4 L.Ed.2d 1012:

> It is generally held, unless a statute directs otherwise, that a defendant in a criminal case who takes the stand in his own behalf and testifies without asserting his privilege against self-incrimination thereby waives the privilege as to the testimony given so that it may be used against him in a subsequent trial of the same case. The fact that the defendant does not take the stand at the second trial does not prevent the use of his testimony given at the former trial, if it would otherwise be admissible.

Other federal cases have followed this general rule: United States v. Anderson (4th Cir. 1973), 481 F.2d 685, aff'd, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20; London v. Patterson (9th Cir. 1972), 463 F.2d 95, cert. denied, 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed.2d 196; Ayres v. United States (5th Cir. 1952), 193 F.2d 739; Warde v. United States (D.C. Cir. 1946), 158 F.2d 651; Heller v. United Cases (7th Cir. 1932), 57 F.2d

627, cert. denied, 286 U.S. 567, 52 S.Ct. 647, 76 L.Ed. 1298 (dictum).

A valid waiver of Fifth Amendment rights requires that the decision to testify be an intelligent decision with knowledge of its consequences.

> . . . when a witness voluntarily testi-
> fies, the privilege against self-incrim-
> ination is amply respected without need
> of accepting testimony freed from the
> antiseptic test of the adversary pro-
> cess. . . . Such a witness has the
> choice, after weighing the advantage of
> the privilege against self-incrimination
> against the advantage of putting forward
> his version of the facts and his reli-
> ability as a witness, not to testify at
> all.

Brown v. United States (1957), 356 U.S. 148, 155, 78 S.Ct. 622, 627. 2 L.Ed.2d 589, 597.

In the case here on appeal, Hall was represented by counsel and made a knowing waiver of his Fifth Amendment rights when he voluntarily chose to testify in the first trial. He was advised of his rights and therefore made a knowing and intelligent decision to testify. "[O]nce a defendant waives this privilege and testifies then his testimony can be used against him in a subsequent trial." State v. Haggard (Idaho 1971), 486 P.2d 260, 263. See also: People v. Arrington (Colo.App. 1983) 682 P.2d 490; People v. Carlson (Colo.App. 1983) 677 P.2d 390, aff'd, (Colo. 1986) 712 P.2d 1018; People v. Downer (Colo. 1976) 557 P.2d 835; State v. Peele (Wash.App. 1973) 516 P.2d 788. "[T]he defendant's testimony at his first trial was clearly admissible at his second trial . . . [A] judicial confession or admission connected with the crime made in court is admissible." State v. Stoneman (Ariz. 1977), 566 P.2d 1340, 1343.

Appellant also contends that the former testimony was improperly admitted as rebuttal testimony. Hall claimed he received the radio equipment from PGL Company in New York. Other witnesses stated that Hall reported other means of acquiring the equipment. Testimony of appellant in the prior prosecution is properly admissible despite the fact that it was used as rebuttal testimony. United States v. Houp (8th Cir. 1972), 462 F.2d 1338, cert. denied, 409 U.S. 1011, 93 S.Ct. 456, 34 L.Ed.2d 305, reh. denied, 409 U.S. 1119, 93 S.Ct. 918, 34 L.Ed.2d 704.

We hold that the testimony of Hall in the first trial was properly admitted in the second trial according to Rules 801 and 804, M.R.Evid., and federal and state precedent.

The third issue is whether the doctrine of cumulative error is applicable in this appeal. The general rule of cumulative error is that reversal is required if a number of errors are accumulated which prejudice defendant's right to a fair trial. State v. Meidinger (1972), 160 Mont. 310, 502 P.2d 58; State v. McKenzie (1978), 177 Mont. 280, 581 P.2d 1205.

Appellant contends that the prejudice to Hall by allowing prior acts evidence and his former testimony results in cumulative error. We have held the evidence of prior acts admissible and the former testimony properly admitted. Therefore, there is no cumulative error.

Affirmed.

_____
Chief Justice

11

We concur:

_John Conway Harrison_

_Fred J. Weber_

_L.C. Gulbrandson_

_____

_John C. Sheehy_

_____
Justices

Mr. Justice William E. Hunt, Sr., concurring:

I concur in the result but not in all that is said in the majority opinion.

_William E. Hunt Sr._
~~Chief~~ Justice

12