No. 88-480

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

　　　　　Plaintiff and Respondent,

　　-vs-

BLAKE ALFRED RANDALL,

　　　　　Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Mineral,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

　　For Appellant:

　　　　J. Dirk Beccari, Public Defender, Missoula, Montana

　　For Respondent:

　　　　Hon. Marc Racicot, Attorney General, Helena, Montana
Robert F.W. Smith, Asst. Atty. General, Helena
M. Shaun Donovan, County Attorney, Superior, Montana

Submitted on Briefs: March 16, 1989

Decided: May 4, 1989

Filed:

_____
Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.


A jury empaneled in the District Court of the Fourth Judicial District, Mineral County, found Blake A. Randall, the defendant, guilty under § 45-5-401 and § 45-2-302, MCA, for the offense of accountability for robbery. Finding no legal cause why judgment should not be pronounced against the defendant, the District Court sentenced him to the Montana State Prison for a term of 15 years with three suspended. Defendant appeals. We affirm.

The issue raised on appeal is whether the District Court erred in admitting evidence of other acts by the defendant.

On September 17, 1987, the defendant, Blake Randall, and his three companions, Robert Davis, Antonio Alvernaz, and Megan Carder, were traveling in defendant's vehicle from the vicinity of Seattle, Washington, en route to Missoula, Montana. At approximately 3:00 p.m. on that date they arrived in Alberton, Montana, pulled into the River's Edge Motel, and the driver of the vehicle proceeded to pump approximately $25 worth of gasoline into the vehicle. The driver was joined by a second man who accompanied him into the motel-gas station office. These two men were later identified as Davis and Alvernaz.

One of the men had a gun and forced Steven Stahl, the motel owner, to lie on the office floor. The two men took approximately $200 from the cash register and Stahl's wallet, several quarts of motor oil, and a portable radio-cassette tape player.

Davis and Alvernaz returned to the vehicle. Defendant then drove the vehicle through Alberton to the Nine Mile House, a local bar, restaurant, and grocery, where Alvernaz

purchased approximately $35 worth of beer and cigarettes. After Alvernaz returned to the vehicle with the items, defendant continued to drive east toward Missoula. Approximately 10 miles outside of Missoula, the four were apprehended by the Missoula County Sheriff's Department for the robbery of the River's Edge Motel. A subsequent search of the vehicle revealed a gun, Stahl's credit cards and driver's license, oil bottles and a radio-cassette player.

On October 7, 1987, an information was filed charging defendant with the offense of accountability for robbery in violation of § 45-5-401 and § 45-2-302, MCA. On February 10, 1988, the State filed notice of intent to introduce evidence of other acts. Specifically, the State sought to introduce evidence of the robberies of Popular Food and Gas in Snohomish, Washington, on September 14, 1987, and of Y-E-Z Market in Penshastin, Washington, on September 15, 1987. On February 22, 1988, the District Court held a hearing on the other acts evidence in which it ruled that evidence of the September 14, 1987, Snohomish robbery was excluded because it did not qualify under State v. Just (1979), 184 Mont. 262, 602 P.2d 957, and that the evidence concerning the September 15, 1987, Penshastin robbery was admissible because defendant admitted involvement in the offense.

A jury trial held in February, 1988, ended in a mistrial. A second trial was held on March 22, 1988, and the jury returned a verdict of guilty to the offense of accountability to robbery on March 23, 1988. The defendant was sentenced to the Montana State Prison for 15 years with three suspended. Defendant appeals.

The issue raised on appeal is whether the District Court erred in admitting evidence of other acts by the defendant.

The State sought to introduce defendant's other acts in order to support its proof on the issue of defendant's

intent, state of mind, and to prove that defendant's acts were consistent with a common scheme, plan or system. Defendant contends that admission of a prior act, the September 15, 1987, Penshastin robbery, was in violation of the protections afforded to him by Rule 404(b), M.R.Evid., and that the prior act failed to meet the requirements for admission set forth in Just, 602 P.2d at 961.

Rule 404(b), M.R.Evid. provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The rule must be strictly enforced, except where clearly justified, and exceptions to the rule must be carefully limited. Just, 602 P.2d at 962, citing State v. Tiedemann (1961), 139 Mont. 237, 242-43, 362 P.2d 529, 531. Circumstances constituting admission of prior acts lies in the discretion of the trial judge, providing that "the probative value outweighs the prejudicial." State v. Matson (Mont. 1987), 736 P.2d 971, 976, 44 St.Rep. 874, 880. Evidence is strictly inadmissible for the purpose of showing the commission of that particular offense. Just, 602 P.2d at 960, citing State v. Taylor (1973), 163 Mont. 106, 120, 515 P.2d 695, 704.

Just, 602 P.2d at 961, provided a four element test which determined the admissibility of other acts when a common scheme, plan or system was demonstrated. The test, based on State v. Jensen (1969), 153 Mont. 233, 455 P.2d 631, and Rule 403, M.R.Evid., is set forth as follows:

1. The similarity of crimes or acts;

2. nearness in time; and

3. tendency to establish a common scheme, plan or system; and

4. the probative value of the evidence is not substantially outweighed by the prejudice to the defendant.

Applying these elements to the facts of the case at bar, we hold that the evidence of defendant's actions in the Penshastin robbery were properly admitted.

Defendant argues that because insufficient similarities existed between the Alberton robbery and the Penshastin robbery, the acts are inadmissible evidence. We disagree. Both incidents occurred within three days of one another; the identical participants were involved; defendant's vehicle was utilized; and both incidents involved robbing store clerks at gunpoint. The incidents need not be identical in order to introduce the prior incident as a similar act as long as there is "sufficient similarity" to sustain the admission of the prior act. State v. Tecca (1986), 220 Mont. 168, 172, 714 P.2d 136, 138. As noted in State v. Hansen (1980), 187 Mont. 91, 95, 608 P.2d 1083, 1085, when "applying the exception each case must rest upon its own circumstances." Here, the circumstances were sufficiently similar to warrant admission of the other act.

Defendant further argued that since he was not charged with the Penshastin robbery, the District Court abused its discretion when it admitted evidence of the incident. However, on September 23, 1987, defendant was interviewed by the Mineral County Sheriff's Department concerning the Alberton robbery and he admitted helping Davis and Alvernaz commit the robbery in Penshastin, Washington, by driving the getaway car. Throughout the interview he described the similarities in the robberies as well.

In Just, 602 P.2d at 963, we held that the burden of proof as to the other acts need not rise to the level required in a criminal prosecution for similar acts. It must be noted that the State contends that by the time of the second trial, authorities in Chelan County (Penshastin), Washington, had filed charges against defendant for aiding and abetting robbery in the first degree. The evidence of defendant's participation in the Penshastin robbery is similar and is admissible whether or not defendant was actually charged with the offense.

While we continue to decline to establish an arbitrary time limit for admitting prior acts evidence as provided in Tecca, 714 P.2d at 139, the element of nearness in time in this case was satisfied since the robbery of the Penshastin convenience store occurred three days prior to the Alberton robbery. In State v. Hall (Mont. 1988), 761 P.2d 1283, 45 St.Rep. 1726, we held that six months was sufficient to satisfy the element and in State v. Heine (1976), 169 Mont. 25, 544 P.2d 1212, we held that three years was sufficient.

Third, in order for the similar act to be admissible, a common scheme, plan or system had to be established. In Just, 602 P.2d at 961, we provided that prior acts are those that have a similarity of inherent probability and a plan to carry out a scheme evidenced by defendant's course of conduct.

In this case, defendant and his companions began a three-state trip with little or no money. They robbed a convenience store in Penshastin, Washington, to fund the excursion and, when the cash ran out, robbed the River's Edge Motel in Alberton, Montana. In both instances, a black male threatened a store clerk with a gun and a white male, accompanied him. In both instances, defendant admittedly drove the getaway car. Each participant, had a specific duty

to perform during both robberies. This establishes a modus operandi. The evidence of the former robbery was properly admitted because it was consistent with the proposition of a common scheme or plan by defendant and his companions to fund their travels by committing robberies.

Last, the probative value of the Penshastin robbery must not be outweighed by prejudice to defendant. This is the most difficult of the _Just_ elements to apply. Evidence of other acts invariably will result in prejudice to the defendant to a certain degree and, thus, the probative value must substantially outweigh the prejudice. _Just_, 602 P.2d at 961. But, "the probative value of the evidence is determined from the remaining _Just_, factors." State v. Keefe (Mont. 1988), 759 P.2d 128, 135, 45 St.Rep. 1034, 1042.

In the instant case, there was little direct evidence to contradict defendant's story that he was an unwilling and unknowing participant who was awakened after the robbery and told to drive the vehicle. Other acts evidence was crucial as it tended to show that defendant actively and knowingly participated in the Alberton robbery. The State effectively established the first three elements, therefore, establishing the probative value element.

The four _Just_ elements must be considered as a whole, State v. T.W. (1986), 220 Mont. 280, 284, 715 P.2d 428, 430, and failure of any one factor will not necessarily negate admission of the evidence. _Hall_, 761 P.2d at 1285. _See also_, State v. Clausen (Mont. 1987), 740 P.2d 679, 44 St.Rep. 1308.

The rationale behind Rule 404(b), M.R.Evid., is that proof of other offenses would subject defendant to surprise and to a defense of collateral or unrelated matters. _Just_, 601 P.2d at 960, citing _Jensen_, 455 P.2d at 633-34. Hence, if the State is going to introduce evidence of other acts

under Just, defendant is afforded three procedural protections. In State v. Doll (1985), 214 Mont. 390, 395, 692 P.2d 473, 475-76, three procedural guidelines were set forth:

> (1) notice to the defendant prior to trial that evidence of other crimes, wrongs or acts will be introduced; (2) an admonition by the judge to the jury when the evidence is introduced that it is admitted solely for one or more of the accepted purposes stated in Rule 404(b); and (3) a cautionary jury instruction to the same effect, providing in unequivocal terms that the evidence is admitted for the purpose earlier stated and not to try and convict the defendant for prior wrongful conduct.

Citing Just, 602 P.2d at 963-64. See also, Hall, 761 P.2d at 1284-85.

In this case, the State, on February 10, 1988, properly filed notice of intent to introduce evidence of the Penshastin robbery in accordance with guideline number one. The District Court properly admonished the jury in accordance with guideline number two by stating:

> Now, ladies and gentlemen, the State has just offered evidence that the defendant at another time engaged in other crimes, wrongs, or acts. That evidence was not admitted to prove the character of the defendant in order to show he acted in conformity therewith. The only purpose of admitting that evidence was to show plan, knowledge, or absence of mistake or accident. You may not use that evidence for any other purpose.

A similar jury instruction satisfied the third guideline.

In applying its discretion, the District Court is obligated to carefully balance the relative probative value of the Penshastin robbery against the prejudice inherent in the evidence and the actual need to introduce the evidence. Just, 602 P.2d at 960-61. Citing State v. Skinner (1973), 163 Mont. 58, 64, 515 P.2d 81, 84; State v. Frates (1972),

- 8 -

160 Mont. 431, 437, 503 P.2d 47, 50.   We hold that the District Court properly used its discretion.

We hold that no abuse of discretion by the District Court has occurred.   The Penshastin robbery was properly admitted as an exception under Rule 404(b), M.R.Evid., since the Just elements were established.   Defendant was properly afforded the three procedural safeguards as required.

Affirmed.

_William E. Hunt_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_L. C. Gulbrandson_

_Fred J. Weber_

_R. C. McDonough_
Justices