JUSTICE SHEEHY,
dissenting:
I dissent on two grounds, 1) that the evidence of other crimes in this case was improper, and 2) the value of the alleged stolen items does not exceed the misdemeanor value of $300.
Defendant Ramstead apparently makes his living in Great Falls by going up and down alleys and other places of refuse to salvage articles which he later sells for junk or for recycling. He testified in his defense that he had found a birdbath a couple of feet from a garbage can in an alley and had picked it up, along with a piece of steel which he was also charged with taking. There is no direct evidence in the record that he went upon the property of Hill, the owner of the *172 birdbath in order to take it into Ramstead’s unauthorized control.
Ramstead was charged with felony theft under sec. 45-6-301, MCA. By another statute, sec. 45-6-304, MCA, possession of stolen property is not in itself proof of the commission of the offense of theft. Such possession it places a burden on the possessor to remove the effect of that possession as a circumstance to be considered with all other evidence pointing to his guilt. Section 45-6-304, MCA.
The evidence the State presented in this case came from witnesses who testified that the last time they saw the birdbath it was in Hill’s yard. No direct evidence places Ramstead in the yard to take the birdbath, nor does any witness contravene Ramstead’s own testimony that he found the birdbath in the alley by the garbage can.
In that state of the record, the admission of evidence of another misdemeanor theft some eight months earlier was extremely prejudicial to Ramstead and its use outweighed any probative value of the other crimes evidence. It cannot be denied that the State used the other crimes evidence to have the jury infer that in this case Ramstead did in fact go into Hill’s yard to appropriate the birdbath. While other crimes evidence may be admitted under Rule 404(b), Montana Rules of Evidence, for the purpose of showing a common scheme, plan or system, it is strictly inadmissible for the purpose of showing consummation of the particular offense which has been charged and is the subject of the trial. State v. Randall (1989), 237 Mont. 271, 772 P.2d 868, 869; State v. Just (1979), 184 Mont. 262, 268, 602 P.2d 957, 960; and State v. Taylor (1973), 163 Mont. 106, 120, 515 P.2d 695, 704.
Counsel for the defendant, before the trial, moved in limine to reject the other crimes evidence, but the court denied the motion. During the argument on that motion, the State argued that it would show in the other crime, through a purported accomplice of the defendant and others, that Ramstead did go on to the other person’s property in order to take metal objects and sell them. However in the testimony during the trial, the purported accomplice testified that they did not go over the fence or onto another person’s property to retrieve objects. In effect no witnesses testified, either in the other crimes evidence or in the case at bar, that Ramstead had gone onto private property to steal something.
In this situation, the District Court should have excluded the other crimes evidence, because its prejudicial effect outweighed any probative effect.
“Evidence of other crimes, wrongs, or acts ‘may, however, be *173 admissible where [it] is probative of any other fact that is of consequence to the determination of the [case], such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.’ Haw. R.Evid. 404(b). But its acknowledged tendency to distract the trier of fact compels the trial court to weigh the evidence and to exclude it ‘if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.’ ”
State v. Pinero (Haw. 1989), 778 P.2d 704, 710.
The other crimes evidence was the central focus of this case when it was tried in the District Court. The State spent more than half of its time in presenting the other crimes evidence. The proforma admission by the District Court of other crimes evidence without any real consideration of whether the requirements of Rule 404 were met has resulted in the exception of Rule 404 swallowing up what the Rule originally intended, that other crimes evidence is inadmissible.
My other objection to the conviction is that the value of the alleged stolen property is not sufficiently established in this case. The birdbath, along with a number of other items, were sold to a junk dealer for $44. Section 45-2-101(69)(a), MCA, provides that “value” means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime. It seems utterly ridiculous that the replacement value of this aluminum birdbath was $1,500 or $2,200 as the case may be. From the record I find nothing more than a minor misdemeanor crime, if a theft was actually proved. For that misdemeanor, defendant has been sentenced to serve 3 1/2 years in the Montana State Penitentiary. It is a small wonder we have overcrowded jail conditions there.
I concur with JUSTICE HUNT’S dissent.