No. 97-401

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 257

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ERNEST G. SMITH,

Defendant and Appellant.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Hill,

Honorable John Warner, Judge Presiding.

COUNSEL OF RECORD:

For Appellant

Steven M. Hudspeth, Attorney at Law, Great Falls, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg Coughlin,

Assistant Attorney General, Helena, Montana

David G. Rice, County Attorney, Havre, Montana


Submitted on Briefs: September 17, 1998

Decided: October 29, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1 Ernest G. Smith was convicted of sexual assault in a jury trial in the Twelfth Judicial District Court, Hill County. Smith appeals. We affirm.**

**¶2 The issue is whether the District Court erred in prohibiting Smith's character witnesses from giving their opinions that Smith, due to his good character, was not capable of committing the charged offenses.**

**¶3 In July 1996, Smith and his wife went camping with some friends at Beaver Creek Park in Hill County, Montana. Among the others camping with them were two fourteen-year-old girls, J.G. and K.G., and J.G.'s family. Both J.G. and K.G. testified at trial that they were sleeping in their tent when Smith entered the tent and proceeded to engage in sexual contact with them. They recognized his voice as he told them to stay still and that he would not hurt them. After they yelled at him and he left the tent, the girls reported the incident to J.G's mother and then to the Hill County Sheriff's Office.**

**¶4 Smith was charged with sexual intercourse without consent concerning K.G. and**

sexual assault concerning J.G. At trial, he testified on his own behalf and presented three character witnesses. The jury found him guilty of the lesser included offense of sexual assault upon K.G., but not guilty of the other charges against him. Smith appeals.

## Discussion

**¶5 Did the District Court err in prohibiting Smith's character witnesses from giving their opinions that Smith, due to his good character, was not capable of committing the charged offenses?**

**¶6 This Court reviews a district court's evidentiary rulings for abuse of discretion. The trial court has broad discretion in determining whether evidence is relevant and admissible, and absent a showing of abuse of discretion, this Court will not overturn that court's rulings.** *State v. Gollehon* **(1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263.**

**¶7 The specific question to which objection was made and sustained occurred in the following colloquy between Smith's counsel and the first of Smith's three character witnesses:**

> Q. You're aware that [Smith is] charged with sexual intercourse without consent against one girl and sexual assault against the other girl?
>
> A. Yes.
>
> Q. Based upon your knowledge of [Smith], do you believe that [he] is capable of such a thing?

A. No, I don't--

> [STATE'S COUNSEL]: Objection, Your Honor. I don't think that's a proper question for the witness. It invades the province of the jury.
>
> THE COURT: Sustained.

During testimony by the second of Smith's character witnesses, the State objected "to any questions, whether he was committing these offenses." The court's response was, "We will

get [the witness's] opinion by opinion or reputation." Smith's counsel did not thereafter attempt to ask his second and third character witnesses whether they thought Smith was capable of the crimes of which he was accused. On appeal, Smith argues that his counsel should have been allowed to ask all three of his character witnesses if they believed he was capable of committing those crimes.

¶8 Smith is correct that a witness's answer to a question is not rendered inadmissible solely on the basis that it "invades the province of the jury." Rule 704, M.R.Evid., provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Rule 704, however, is not intended to allow all opinions, and would exclude those which would merely tell the jury what result to reach. Advisory Committee's Note to Federal Rule 704, 56 F.R.D. 183, 285, as quoted in the Commission Comments to Rule 704, M.R.Evid. A court may exclude ultimate issue testimony when it is not helpful to the trier of fact, or under the rules governing exclusion of relevant evidence on grounds of prejudice. *Mathie v. Fries* (E.D. N.Y. 1996), 935 F.Supp. 1284, 1295-96, *aff'd*, 121 F.3d 808 (2nd Cir. 1997).

¶9 Rule 404(a), M.R.Evid., generally excludes evidence of a person's character for purposes of proving action in conformity therewith. One exception allows an accused to present evidence of a "pertinent trait of character" to support an inference that he did not commit the offense. Rule 404(a)(1), M.R.Evid. This Court has specifically recognized the appropriate use of character evidence in prosecutions for sexual offenses. *State v. Anderson* (1984), 211 Mont. 272, 292, 686 P.2d 193, 204; *State v. Austad* (1982), 197 Mont. 70, 89, 641 P.2d 1373, 1383.

¶10 Smith cites four cases which he argues entitle him to present his witnesses' testimony that they did not believe him capable of the crimes with which he was charged. However, none of the cases he cites stand directly for that proposition. In the first case, *Anderson*, the defendant's wife and others testified, apparently without objection, that the charges against the defendant did not comport with their knowledge of him. The court allowed them to so testify; whether that was proper was not an issue raised on appeal. See *Anderson*, 211 Mont. at 292, 686 P.2d at 204. This Court therefore did not have the opportunity to rule on the propriety of that testimony.

¶11 In the second case Smith cites, *United States v. Gillespie* (9th Cir. 1988), 852 F.2d

No

475, the court ruled that the trial court abused its discretion by admitting the testimony of a clinical psychologist regarding characteristics of child molesters in general. The court reasoned that the defendant had not presented any witnesses who testified that he had any specific character traits that rendered him incapable of molesting a female child. *Gillespie*, 852 F.2d at 480. However, the court's ruling did not equate to a conclusion that the testimony which defendant did not present would have been admissible.

¶12 In *State v. Gommenginger* (1990), 242 Mont. 265, 790 P.2d 455, the defendant's conviction was reversed because, among other reasons, "bad character evidence"--evidence that he was a cocaine dealer--was allowed without the door having been opened to such evidence. This Court reasoned that the defense's opening statement merely mentioned that law enforcement told the informant that they were interested in getting a conviction against Gommenginger for a drug sale. The ruling that the door was not thereby opened to bad character evidence is not on point with the issue presented in the case at bar.

¶13 Finally, in *People v. McAlpin* (Cal. 1991), 812 P.2d 563, the defendant was accused of sexually molesting his date's eight-year-old daughter. The appellate court ruled as error the trial court's refusal to allow two witnesses for the defense to testify that in their respective opinions defendant was neither a "sexual deviant" nor a "person of lustful or lewd conduct with children." Both of those witnesses were women who had dated the defendant and who had young daughters. The error was harmless, however, because, due to the strength of the prosecution's case, it was not reasonably probable that a verdict more favorable to the defendant would have been reached in the absence of this error. *McAlpin*, 812 P.2d at 578. The court clarified, on the other hand, that a character witness with no personal knowledge of specific facts related to the offenses with which the defendant was charged was properly prohibited from testifying as to defendant's conduct with children, a matter on which he had not made personal observations. *McAlpin*, 812 P.2d at 575.

¶14 In the present case, Smith's three character witnesses all testified that they had children, two having daughters close in age to the victims. However, the character witnesses were not camping with Smith and the others on the night in question and there was no evidence that they were acquainted with the victims or the circumstances of the charges against Smith.

¶15 Under Rule 405, M.R.Evid., proof of character may be made either by testimony as to reputation or testimony in the form of an opinion. Smith's three character witnesses were allowed to give their opinions that he was of very good character and a gentleman, and to state that despite the charges against him their opinions of him would not change. Smith proposed that the jury also be told in the form of opinions that he could not have committed the offenses with which he was charged. The testimony proposed by Smith would have exceeded the scope of Rule 405, M.R.Evid. It is not a "pertinent trait of character," but is an opinion on the question of Smith's ultimate guilt.

¶16 This Court has cautioned against allowing an expert to give an opinion which, instead of being an opinion embracing an ultimate issue of fact, amounts to an opinion of guilt or innocence embracing all issues. *State v. Gregoroff* (Mont. 1997), 951 P.2d 578, 581-82, 54 St.Rep. 1469, 1471. That caution applies even more to opinions of non-expert witnesses in that, ordinarily, more prejudice than benefit is likely to be gained from such opinion testimony.

¶17 Further, Rule 701, M.R.Evid., limits the scope of non-experts' opinion testimony. Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Consistent with Rule 701, this Court has held that lay witnesses may offer their opinions as long as those opinions are based on the witnesses' own observations. *State v. Henricks* (1982), 201 Mont. 157, 164, 653 P.2d 479, 482. Here, the witnesses were asked to state their opinion about Smith's capacity to commit the offenses, without having any knowledge of the offenses themselves. While the witnesses testified that they had personal knowledge of Smith's character, that did not entitle them to extrapolate on Smith's capacity to commit an offense of which they had no personal knowledge.

¶18 We hold that the District Court did not abuse its discretion in refusing to allow Smith's character witnesses to give their opinions that Smith, due to his good character, was not capable of committing the charged offenses. Affirmed.

No

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.