No. 99-545

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 372

303 Mont. 457

16 P. 3d 366

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DONNA JUNE ENRIGHT,

Defendant and Appellant.

_____

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROY A. LINK,

Defendant and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Judith Basin,

The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Jon A. Oldenburg, Attorney at Law, Lewistown, Montana (for Enright)

Craig R. Buehler, Attorney at Law, Lewistown, Montana (for Link)

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Submitted on Brief: August 17, 2000

Decided: December 28, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Following a consolidated jury trial in the Tenth Judicial District Court, Judith Basin County, Donna June Enright (Enright) was found guilty of arson and deliberate homicide. Her brother and co-defendant, Roy A. Link (Link), was tried and convicted of arson by accountability and deliberate homicide under the felony murder rule. Both defendants now allege that their trials should not have been consolidated, that the State presented insufficient evidence for their convictions and that certain evidence was improperly admitted against them at trial. We affirm the judgment of the District Court.

¶2 The charges against Enright and Link stem from the death of Enright's step-father, Leonard Theis (Leonard), in a trailer fire on October 17, 1996, in Stanford, Montana. The State alleged that Enright and Link, acting in concert, intentionally started the fire to collect on insurance policies they purchased on Leonard's life. Enright was charged by information with one count of deliberate homicide and one count of arson. The information was later amended to include a charge of deliberate homicide (felony murder) as an alternative to the deliberate homicide charge. Link was charged with arson by

accountability, deliberate homicide, and deliberate homicide by accountability.

¶3 Both pled not guilty to all charges. Following a five-day trial, Enright was convicted of arson and deliberate homicide. In a separate trial, Link was convicted of arson by accountability and deliberate homicide but acquitted of the deliberate homicide by accountability charge. Enright appealed her conviction and this Court reversed and remanded for a new trial on the grounds that certain prior acts evidence should not have been admitted. State v. Enright, 1998 MT 322, ¶ 37, 292 Mont. 204, ¶ 37, 974 P.2d 1118, ¶ 37. This Court subsequently reversed Link's arson and deliberate homicide convictions and remanded his case for a new trial as well. State v. Link, 1999 MT 4, ¶ 35, 293 Mont. 23, ¶ 35, 974 P.2d 1124, ¶ 35.

¶4 Prior to their second trial, the charges against Link were amended to arson by accountability and deliberate homicide under the felony murder rule. The District Court also granted the State's motion, opposed by both Enright and Link, to consolidate their trials. Following the consolidated trial, the jury found Enright guilty of arson and deliberate homicide and Link guilty of arson by accountability and guilty of deliberate homicide under the felony murder rule. The District Court sentenced Enright to concurrent terms of twenty years on the arson charge and seventy-five years on the deliberate homicide charge. Link was sentenced to five years on the arson by accountability charge and twenty years on the felony murder charge. Both appeal from the judgment of conviction and sentence and together raise the following issues:

¶5 Issue 1: Did the District Court err when it consolidated Link and Enright's trials?

¶6 Issue 2:  Did the District Court err when it denied Links's motion *in limine* to exclude exhibits and witnesses?

¶7 Issue 3:  Did the District Court err when it denied Link's motion *in limine* to exclude the November 22, 1996 letter from Enright?

¶8 Issue 4:  Was there sufficient evidence to support Link and Enright's convictions?

¶9 Issue 5:  Did the District Court commit such cumulative error that Enright was denied a fair trial?

## DISCUSSION

¶10 Issue 1: Did the District Court err when it consolidated Link and Enright's trials?

¶11 At the pretrial omnibus hearing, Enright claimed that consolidation would prejudice her defense by allowing the introduction of character evidence that would not be admissible against her in a separate trial. Link's only specific claims were that joinder of his case prevented him from eliciting exculpatory evidence from Enright and prevented him from calling Enright's attorney to explain the context of a letter written by Enright to Link while she was in prison awaiting the first trial. The District Court found that the cases met the statutory requirements for consolidation and that considerations of judicial economy far outweighed any prejudice claimed by the defendants. We agree.

¶12 The decision to join or sever a trial is within the discretion of the trial court. State v. Graves (1990), 241 Mont. 533, 538, 788 P.2d 311, 314. Therefore, we review such a decision for abuse of discretion. State v. Turner (1993), 262 Mont. 39, 53, 864 P.2d 235, 244. The district court's discretion to consolidate trials is defined both by statute and case law. Montana law provides that two or more defendants may be charged in the same indictment, information or complaint if they are alleged to have participated in the same transaction constituting an offense or offenses. Section 46-11-404(4), MCA. In addition, § 46-13-210, MCA, provides that "the court may order two or more indictments, informations, complaints, or defendants to be tried together if the interests of justice require . . . ." In considering whether there should be a joint trial, we have held that the district court must weigh the State's interest in judicial economy against the defendant's right to a fair trial. *Turner*, 262 Mont. at 53, 864 P.2d at 244. Joint trials speed the administration of criminal justice, conserve judicial time, lessen the burden on prospective jurors and obviate the necessity of recalling witnesses. The trial court must weigh these benefits against the prejudice to a defendant that may arise as a result of his being tried with another defendant. State v. Strain (1980), 190 Mont. 44, 55-56, 618 P.2d 331, 338. In striking this balance, considerations of judicial economy exert strong pressure in favor of joint trials. State v. Campbell (1980), 189 Mont. 107, 121, 615 P.2d 190, 198 (citing United States v. Dohm (5th Cir. 1979), 597 F.2d 535, 540). Further, the burden of showing prejudice rests on the defendant. *Campbell*, 189 Mont. at 121, 615 P.2d at 198 (citing State v. Orsborn (1976), 170 Mont. 480, 489, 555 P.2d 509, 515). In showing prejudice, it is not sufficient that the defendant prove some prejudice or that a better chance of acquittal exists if separate trials are held. Rather, the defendant must show the prejudice was so great as to prevent a fair trial. *Campbell*, 189 Mont. at 121, 615 P.2d at 198 (citing *Dohm*, 597 F.2d at 539).

¶13 Enright and Link's cases meet the statutory requirements for consolidation because all charges arise from a fire in a trailer house in Stanford on October 17, 1996 in which Leonard lost his life. Both defendants are alleged to have participated in criminal acts resulting in the fire and death. It is not required that they be charged with identical offenses. Section 46-11-404(4), MCA.

¶14 In addition, the District Court found, correctly, that a great amount of judicial time and expense would be saved by consolidating the trials. The witnesses called to testify and the physical evidence to be introduced by the State were almost the same for both defendants. Enright and Link relied on the same expert witnesses in their first trials. They were expected to do so again. On motion of the defendants, the trial was moved from Judith Basin County, where the defendants were originally tried, to Hill County. As a consequence of this change of venue, the District Court found that consolidation of the trials would significantly reduce inconvenience to witnesses and jurors. None of these findings are disputed. Rather, Enright and Link contend that the potential prejudice outweighed these considerations of judicial economy.

¶15 Enright claimed that Link would attempt to present derogatory character evidence against her; evidence that would not be admissible against her in a separate trial. However, in their original trials, neither defendant attempted to blame the other. Rather, they both contended that the fire was either set by others or was an accident. The District Court found no evidence that the parties' defenses would be different in the consolidated trials and Enright presented no evidence that Enright and Link were hostile to one another.

¶16 Link claimed that consolidation of the trials prevented him from eliciting exculpatory evidence from Enright. Inability to call an exculpating co-defendant is a legitimate ground for denying a motion to consolidate trials. However, to establish prejudice the defendant must be prepared to show that the co-defendant will testify and that the testimony will actually be exculpatory. State v. Dess (1984), 207 Mont. 468, 474, 674 P.2d 502, 505 (citing Byrd v. Wainwright (5th Cir. 1970), 428 F.2d 1017, 1019-20). Link did not make this showing. In his brief in response to the motion, he actually asserted that Enright might make *inculpatory* rather than exculpatory statements if called to testify. On appeal, he drops this argument for more general but still unsupported assertions of prejudice.

¶17 Link also asserts that consolidation of the trial left him unable to call Enright's attorney to explain the background of a letter that implicated Link in a plan to commit arson with his sister, Enright. Link was unable to offer any evidence to the District Court

that Enright's attorney would be called to testify, that Enright would waive attorney-client privilege to allow him to testify, or that he would, indeed, offer any exculpatory testimony if he took the stand.

¶18 Neither Enright nor Link has made any specific or compelling showing that they would be prejudiced by consolidation of their trials; much less that the prejudice would be so great as to prevent a fair trial. In contrast, joinder of the trials clearly served the purpose of judicial economy and reduction of public expense. Therefore, we hold that the District Court did not abuse its discretion when it ordered Enright and Link's trials consolidated.

¶19 Issue 2:  Did the District Court err when it denied Links's motion *in limine* to exclude exhibits and witnesses?

¶20 Link filed a pretrial motion to exclude exhibits and witnesses that he thought might be introduced for the purpose of showing that Leonard was murdered or that there might have been a financial motive for Leonard's death. The District Court denied this motion. Link contends that, since he was acquitted of accountability for homicide at the first trial, such evidence is irrelevant to his remaining charges of arson and deliberate homicide under the felony murder rule and should have been excluded. The State contends that evidence of financial motive for Leonard's death is relevant to the arson charge and that, even if it was only relevant to Enright, the homicide and motive evidence was properly admitted at the consolidated trial. We agree.

¶21 This Court reviews a district court's evidentiary rulings for abuse of discretion. The trial court has broad discretion in determining whether evidence is relevant and admissible, and absent a showing of abuse, this Court will not overturn that court's rulings. State v. Smith, 1998 MT 257, ¶ 6, 291 Mont. 236, ¶ 6, 967 P.2d 424, ¶ 6 (citing State v. Gollehon (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263).

¶22 Only relevant evidence is admissible. Rule 402, M.R.Evid. Evidence is relevant if it has the tendency to make the existence of any fact of consequence to the determination of the action more or less probable. Rule 401, M.R.Evid. This Court has consistently held that evidence of motive is relevant for determining guilt or innocence. *See* State v. Murdock (1972), 160 Mont. 95, 104, 500 P.2d 387, 392.

¶23 Link was charged with arson by accountability and felony murder. The State's theory was that Enright killed Leonard for insurance proceeds and that Link aided and abetted her

in the arson that caused Leonard's death. Evidence that Link had a motive to assist Enright commit arson is clearly relevant to the question of his guilt or innocence. Link argues that any evidence of a financial motive for Leonard's *death* was irrelevant to the arson charge because he had already been acquitted of purposely or knowingly causing Leonard's death in his first trial. We find this argument unpersuasive. That the potential financial gain could only come if Leonard died makes it no less a motive for setting the fire--or assisting Enright to do so.

¶24 Even if the evidence which Link sought to exclude could be viewed as relevant only to the charges against Enright, it was properly admitted at the consolidated trial. Rule 105, M.R.Evid. As the District Court observed, the jury was capable of separately considering any evidence which pertained to guilt or innocence of each separate defendant and the court instructed the jury of its duty to do so.

¶25 Evidence that Leonard had been murdered was clearly relevant to the charges against Enright in the joint trial. Furthermore, evidence of a financial motive for the arson was relevant to the question of whether Link aided or abetted Enright in the commission of the that act. The District Court did not abuse its discretion when it denied Link's motion *in limine*. We affirm.

¶26 Issue 3: Did the District Court err when it denied Link's motions *in limine* to exclude the November 22, 1996 letter from Enright?

¶27 On November 22, 1996, after her arrest and incarceration in the Fergus County Jail but prior to the filing of charges against Link, Enright sent Link a letter. In it, she refers to a "team" made up of Link and others and expresses concern that Link might be charged as a conspirator if he implicated her or himself. Link filed a pretrial motion to exclude the letter arguing that it was inadmissible hearsay under Rule 801, M.R.Evid. The District Court allowed the letter to be admitted into evidence as a statement made by a co-conspirator under Rule 801(d)(2)(E), M.R.Evid.

¶28 On appeal, Link does not challenge the District Court's ruling under Rule 801(d)(2)(E) and does not dispute the sufficiency of the foundation for admission of the letter as a co-conspirator statement. (For a discussion of these foundation requirements *see* State v. Smith (1996), 276 Mont. 434, 440, 916 P.2d 773, 776; State v. Stever (1987), 225 Mont. 336, 341-43, 732 P.2d 853, 856-57.) Rather, he contends that admission of the letter into evidence violated his right to confront witnesses against him under the rationale of our

holding in State v. Fitzpatrick (1977), 174 Mont. 174, 569 P.2d 383. This issue was not raised at trial and we will not address it now.

¶29 Our review of constitutional issues not raised at trial is constrained by § 46-20-701(2), MCA:

No claim alleging an error affecting jurisdictional or constitutional rights may be noticed on appeal, if the alleged error was not objected to as provided in 46-20-104, unless the defendant [convicted person] establishes that the error was prejudicial as to his guilt or punishment and that:

(a) the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;

(b) the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant [convicted person] or his attorney that prevented the claim from being raised and disposed of; or

(c) material and controlling facts upon which the claim is predicated were not known to the defendant [convicted person] or his attorney and could not have been ascertained by the exercise of reasonable diligence.

In order for this Court to review Link's confrontation claim he must show prejudice and applicability of at least one of the three statutory conditions set out above. *See* State v. Cain (1986), 220 Mont. 509, 514, 717 P.2d 15, 18. Link does not meet any of the three requirements. His constitutional right to confront witnesses against him existed at the time of the trial. Further, nothing prevented him from asserting his confrontation claim during the pretrial motion hearings or at trial by objection. Finally, Link does not contend, even on appeal, that material or controlling facts where unknown to him. We therefore hold that Link's failure to raise the confrontation issue at trial constitutes a waiver of his claim.

¶30 Issue 4: Was there sufficient evidence to support Link and Enright's convictions?

¶31 Link argues that circumstantial evidence presented against him was insufficient as a matter of law to sustain his convictions for arson by accountability and deliberate homicide under the felony murder rule. In his first trial Link was found guilty of these same charges but this Court reversed on the basis of improperly admitted prior acts

evidence. Nonetheless, we held that, even without the inadmissible evidence, there was sufficient evidence to permit any rational trier of fact to find beyond a reasonable doubt that Link aided and abetted Enright's commission of arson and, since Leonard died as a result of the arson, that there was sufficient evidence to find beyond a reasonable doubt that Link was guilty of deliberate homicide under the felony murder rule. *Link*, ¶¶ 30-35. The evidence presented in the second case is the same evidence we found sufficient in the first. Therefore, for the reasons expressed in *Link,* we conclude that the evidence presented against Link in his second trial was sufficient to permit the jury to find beyond a reasonable doubt that Link was guilty of arson by accountability and deliberate homicide under the felony murder rule.

¶32 Enright also asks this Court to reverse her convictions for arson and deliberate homicide on the grounds of insufficient evidence. This question was also put before this Court in Enright's appeal from her first conviction. In that case we also held that the evidence was sufficient. *Enright*, ¶¶ 32-36. The State put on the same case in the second trial as it did in the first but Enright now contends that additional evidence, not presented in her first trial, casts doubt on the State's evidence. However, the additional evidence presented by the defense does not undermine the legal sufficiency of the State's evidence. The jury was entitled to accept or reject the additional defense evidence and its verdict constitutes its judgment on the credibility and weight the evidence should be accorded. We hold now, as we did in Enright's first appeal on this issue, that the State presented sufficient evidence to prove the elements of the crimes of which Enright was charged.

¶33 Issue 5: Did the District Court commit such cumulative error that Enright was denied a fair trial?

¶34 Enright contends that the District Court made several errors that combined to deny her a fair trial. Reversal is required if accumulated errors prejudice the defendant's right to a fair trial. State v. Hall (1988), 234 Mont. 57, 65, 761 P.2d 1283, 1288 (citing State v. Meidinger (1972), 160 Mont. 310, 321-22, 502 P.2d 58, 65). However, in applying the doctrine, this Court has consistently refused to consider mere allegation of error, devoid of "argument or authority supporting defendant's contention." *Meidinger*, 160 Mont. at 322, 502 P.2d at 65.

¶35 Enright makes five specific allegations of error. First, she repeats her allegation that the District Court erred when it consolidated her trial with Link's. We have concluded that the District Court did not err when it consolidated the trials and, therefore, the

consolidation issue can be no part of any cumulative error. *Hall*, 234 Mont. at 65, 761 P.2d at 1288.

¶36 Next Enright asserts that the District Court erred in admitting certain testimony of Mina Mae Worm over the objection that it was inadmissible character evidence. Ms. Worm testified that Enright was upset with Leonard and had yelled at him the day before the fire. A district court has broad discretion to determine whether evidence is relevant and admissible. *Smith*, ¶ 6. Here, the District Court did not abuse its discretion in allowing the testimony of Ms. Worm. The testimony concerned statements made by the defendant about the victim only a few hours before the victim died. Such statements are not character evidence under Rules 404 and 405, M.R.Evid., and they may be properly admitted as relevant to the issue of Enright's state of mind and motive.

¶37 Enright's third and fourth specifications of error deal with evidence that Enright claims was only relevant as to Link and should not have been admitted against her. While we do not agree that the evidence in question was irrelevant to the charges against Enright, it is sufficient that the evidence was relevant and properly admitted against Link. It is important to note that the jury was specifically instructed that it must determine the guilt or innocence of each defendant separately. Enright has made no showing that the jury was unable to do so.

¶38 Finally, Enright alleges that the District Court improperly admitted evidence of debts owed by her son and her boyfriend. She asserts that since she had no legal duty to repay them, evidence of these debts was irrelevant. However, other evidence showed that Enright insured the trailer under her boyfriend's name and purchased insurance polices on Leonard's life with her son as a beneficiary. Given the circumstances of this case, the District Court properly admitted the evidence as relevant to Enright's motive for the arson and homicide. In any case, Enright does nothing more than allege the evidence was irrelevant and makes no showing that would allow this Court to find either prejudice or error.

¶39 This Court has carefully reviewed the issues presented by appellants. Although consolidation of trials may always involve some prejudice to defendants, we find none in this case that would warrant reversal. We find no abuse of judicial discretion in the District Court's evidentiary rulings. Furthermore, we hold, as we did in their prior trials, that there was sufficient evidence for the jury to convict on the charges against both defendants. Finally, inasmuch as none of the evidentiary rulings cited by Enright was

error, this Court finds no grounds to apply the doctrine of cumulative error.

¶40 The judgment of the trial court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER