JUSTICE WARNER
delivered the Opinion of the Court.
¶1 On August 28, 2001, James Dean Bingman (Bingman) was convicted of driving under the influence of alcohol (DUI), a felony. Bingman was committed to the Montana Department of Corrections for a period of thirteen months on the DUI conviction. In addition, the District Court then classified Bingman as a persistent felony offender and sentenced him to Montana State Prison for twenty years, with ten years suspended. Bingman appealed his designation as a persistent felony offender. This Court affirmed the judgment, concluding that Bingman had failed to properly raise the issue in the District Court. State v. Bingman, 2002 MT 350, 313 Mont. 376, 61 P.3d 153. Bingman also filed a petition for postconviction relief challenging his designation as a persistent felony offender. The District Court denied his petition and Bingman appealed.
¶2 We affirm, and restate the issue before us as follows:
¶3 Did the District Court err in denying Bingman’s petition for postconviction relief because it was an untimely challenge to a 1986 sentence?
FACTUAL AND PROCEDURAL BACKGROUND
¶4 In 1986 Bingman was convicted by a jury of the offenses of felony assault and felony tampering with a witness in two cases that had been consolidated for trial. By judgment entered September 22,1986, Bingman was sentenced to ten years in prison for felony assault, and pursuant to § 46-18-221(1), MCA (1985), an additional ten years was added to this sentence because he used a weapon in the assault. He was also sentenced to five years in prison for tampering with a witness. The ten year sentence, imposed because a weapon was used, was ordered to be served consecutive to the ten year sentence for felony assault. The five year sentence was ordered served concurrently with the assault sentences. The result of these sentences was that Bingman was sentenced to twenty years at Montana State Prison.
¶5 Bingman did not appeal his 1986 conviction or sentences. Thereafter, he made no challenge to these sentences until the present case. Bingman was released from prison in 1997. Approximately two years later, in 1999, we determined that increasing a sentence imposed for felony assault, under § 46-18-221(1), MCA (1999), which increased a sentence when a weapon was used, violated the double jeopardy clause of the Montana Constitution because use of a weapon is a required element of felony assault. State v. Guillaume, 1999 MT 29, ¶ 16, 293 Mont. 224, ¶ 16, 975 P.2d 312, ¶ 16.
*155 ¶6 Bingman was then convicted of DUI, a felony, on August 28,2001. Because he had not been released from prison for his felony assault sentence until 1997, less than five years before the DUI conviction, he was eligible to be designated a persistent felony offender. Section 46-18-501(2), MCA. The proper notice was given by the State, and the District Court then sentenced Bingman as a persistent felony offender, increasing his DUI sentence by twenty years with ten years suspended.
¶7 Bingman appealed his enhanced sentence. This Court affirmed, concluding that Bingman had failed to properly raise the issue in the District Court. State v. Bingman, 2002 MT 350, 313 Mont. 376, 61 P.3d 153. Bingman then filed the present petition for postconviction relief challenging his designation as a persistent felony offender. The District Court denied his petition as untimely. Bingman now appeals from the denial of his petition for postconviction relief.
STANDARD OF REVIEW
¶8 This Court reviews a district court’s denial of a postconviction petition to determine whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. Davis v. State, 2004 MT 112, ¶ 13, 321 Mont. 118, ¶ 13, 88 P.3d 1285, ¶ 13.
DISCUSSION
¶9 Did the District Court err in denying Bingman’s petition for postconviction relief because it was an untimely challenge to a 1986 sentence?
¶10 Bingman argues that his present sentence as a persistent felony offender is illegal because the additional ten years added to his 1986 sentence for use of a weapon was unconstitutional, under Guillaume, and had this additional ten years not been imposed, he would have been released on parole more than five years before his 2000 DUI offense. Therefore, Bingman argues, he cannot be sentenced as a persistent felony offender.
¶11 Bingman’s argument rests solely on speculation. Even if we were to assume arguendo, that the additional ten year sentence imposed in 1986, for use of a weapon, was unconstitutional for purposes of applying the persistent felony offender statute, the fact remains that Bingman was also sentenced to ten years for the felony assault. There is no way to now know whether Bingman would have been released in less than ten years. Thus, this sentence might not have been discharged until 1996, still within five years of his DUI offense. In addition, had the sentence enhancement for use of a weapon not been *156 available, the District Court might well have made the five year sentence for witness tampering consecutive. Thus, even if the Court were to now, nineteen years later, accept Bingman’s argument that the ten year enhancement of his 1986 assault sentence cannot be used to designate him a persistent felony offender, he cannot establish that he would have been released more than five years before his DUI offense in 2000.
¶12 Bingman urges this Court to adopt the reasoning in United States v. Burt (9th Cir. 1986) 802 F.2d 330, where the court determined that a prior conviction obtained in violation of the defendant’s Fifth Amendment right to avoid self-incrimination could not be used to later sentence the defendant as a dangerous special offender (DSO) under the former federal DSO statute codified at 18 U.S.C. §§ 3575-3576.[1] Burt, 802 F.2d at 335. However, Burt concerned a constitutionally infirm conviction. Contrary to the statement in the dissent, there is a significant distinction between an infirm conviction, and a sentence that is later determined to be unlawful. An infirm conviction invalidates the entire sentence. Conversely, where the sentence itself, or some portion of it, is later determined to be unconstitutional, the conviction, and any valid portions of the sentence relating to it, are left in place. This is the case here. And, as noted above, Bingman cannot establish that he would not meet the persistent felony offender criteria if the unlawful portion of the sentence were eliminated[2].
¶13 Further, the DSO statute applied in Burt limited the types of convictions that could be relied upon to increase sentencing. 18 U.S.C. § 3575(e); Burt, 802 F.2d at 332. Conversely, the Montana Statute does not distinguish between felonies that may be relied on to designate a person a persistent felony offender. Rather, it provides that a previous conviction may be used to enhance a sentence unless the offender has been pardoned on the ground of innocence or the conviction has been set aside in a postconviction hearing. Section 46-18-501(3), MCA. Bingman does not claim that he has been pardoned or that he is innocent. Thus, in order to prohibit the use of his 1986 conviction for *157 assault to designate him as a persistent felony offender, Bingman would have to establish that it has been set aside in a postconviction hearing. This, he cannot do.
¶14 Neither Burt nor Guillaume support Bingman’s argument that illegally enhanced sentences may not be used for purposes of sentencing a defendant as a persistent felony offender, in the absence of a timely challenge to the allegedly invalid sentence enhancement. To the contrary, in State v. Whitehorn, 2002 MT 54, 309 Mont. 63, 50 P.3d 121, we expressly found that, while Guillaume may be applied retroactively to a sentence subject to a challenge in a postconviction relief proceeding, the petition for post-conviction relief must be timely filed. Whitehorn, ¶ 43.
¶15 Bingman’s collateral attack of his 1986 sentence is untimely under the applicable five-year limitation in § 46-21-102, MCA (1995). It was filed in 2003, long after the conviction and sentence became final and the time for challenging it in a postconviction relief proceeding had expired.
CONCLUSION
¶16 The order of the District Court dismissing Bingman’s petition for postconviction relief is affirmed.
CHIEF JUSTICE GRAY, JUSTICES LEAPHART, MORRIS and RICE concur.

 Congress repealed this statute in 1984, effective November 1, 1986. Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, 98 Stat. 1987.

 In Burt, it was determined that the constitutional violation had affected the finding of guilt, not the sentencing. Specifically, the trial judge instructed the jury that inferences unfavorable to the defendant are more probable if the defendant fails to testify. This instruction was proper at the time given, but was later found to be unconstitutional. Burt, 802 F.2d at 331. Thus, Burt can be distinguished from this case, as Burt’s conviction was unlawful, and as a result, his entire sentence was invalid.