No. 05-430

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 109N

_____

DONNA JUNE ENRIGHT,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Respondent.

_____

APPEAL FROM:    District Court of the Tenth Judicial District,
                       In and for the County of Judith Basin, Cause No. DC 96-3003
                       The Honorable Loren Tucker, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Donna June Enright (pro se), Billings, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney
          General, Helena, Montana

          Barbara C. Harris, Special Deputy County Attorney; Judith Basin,
          Montana

_____

Submitted on Briefs:  April 25, 2006

Decided:  May 16, 2006

Filed:

_____
                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Donna June Enright (Enright) appeals from the District Court's Order denying her amended petition for postconviction relief and denying her relief requested in correspondence to the Clerk of Court in Judith Basin County.  We affirm.

¶3      The State charged Enright with one count of deliberate homicide and one count of arson on November 13, 1996, arising from the death of Enright's stepfather, Leonard Theis, in a trailer fire on October 17, 1996, in Stanford, Montana.  The jury convicted Enright on both counts.  Enright appealed and this Court reversed the convictions and remanded for a new trial on the grounds that the district court had improperly admitted certain prior bad acts evidence.  *State v. Enright*, 1998 MT 322, 292 Mont. 204, 974 P.2d 1118.

¶4      The State tried Enright a second time and consolidated her case with the re-trial of her brother and co-defendant Roy A. Link.  The jury found Enright guilty of arson and deliberate homicide a second time and the District Court sentenced her to concurrent prison terms with 20 years for arson and 75 years for deliberate homicide.  This Court affirmed on appeal in *State v. Enright*, 2000 MT 372, 303 Mont. 457, 16 P.3d 366.

¶5     Enright filed a *pro se* petition for writ of habeas corpus on March 22, 2002. Enright alleged three separate grounds for relief, including prosecutorial misconduct, ineffective assistance of trial counsel in failing to put on a vigorous defense and to call witnesses, and ineffective assistance of trial counsel in failing to allow Enright to testify at her trial. The District Court directed Enright's trial counsel to file a response to Enright's allegations of ineffective assistance. Enright's counsel filed an affidavit responding to Enright's petition and the State filed a response that raised several procedural arguments in addition to addressing the merits of Enright's claims in light of her counsel's affidavit.

¶6     The District Court issued an order appointing Ira Eakin to represent Enright on December 13, 2002. The court deemed Enright's habeas petition to be a petition for postconviction relief and justified appointing counsel on the grounds that Enright's ineffective assistance claim was fractured and difficult to understand. The court reserved ruling on the State's motion to dismiss and on the question of whether to hold a hearing. A series of delays ensued.

¶7     The District Court allowed Attorney Eakin to withdraw as counsel on May 1, 2003, after learning of his forthcoming leave of absence. The District Court appointed Roberta Drew to represent Enright and the presiding judge then recused himself. The Honorable Loren Tucker assumed jurisdiction of the case. Judge Tucker twice extended the deadline for the filing of an amended petition for postconviction relief, but Drew failed to file an amended petition or any further pleading. The District Court conducted two show-cause hearings and sanctioned Attorney Drew for failing to comply with the

3

court's order. Attorney Drew moved to withdraw as counsel on April 5, 2004, and advised the court that she could find no nonfrivolous issues to support Enright's petition for postconviction relief. The District Court appointed R. Allen Beck to replace Drew and represent Enright in the proceedings.

¶8    Attorney Beck filed a motion to withdraw as counsel for Enright on October 22, 2004. Beck advised the District Court that Enright had requested that he not represent her, that Enright had alleged various ethical violations against Beck, and that the Office of Disciplinary Counsel had found the alleged ethical violations to be without merit. Beck further stated that he had reviewed the ineffective assistance allegations raised by Enright in her petition, had reviewed the files and correspondence of previous counsel, and had examined the record of proceedings. Beck informed the court that he could find no basis for Enright's allegations and no separate issues for a petition for postconviction relief that he would be willing to submit under his signature. The District Court approved Beck's request and relieved him of any further duties as counsel.

¶9    The District Court then issued an order allowing Enright to file on the amended petition *pro se* before December 31, 2004. Enright filed a document entitled "Amended Petition for Writ of Habeas Corpus or Petition for Postconviction Relief," dated November 4, 2004. The District Court issued its Order on December 9, 2004, rejecting various arguments presented in the amended petition, but directing Attorney Beck to respond to two of Enright's allegations regarding Beck's representation and reserving the final decision on Enright's amended petition pending Beck's response.

¶10    Beck filed a response on April 27, 2005. The District Court denied Enright's

4

amended petition for postconviction relief and other relief requested by Enright in correspondence to the Clerk of Court in Judith Basin County in an Order dated May 25, 2005.

¶11 Enright has resorted to a scattergun approach in her brief on appeal that contains a repetitious mix of complaints regarding the various attorneys and district judges involved with her case, together with a multitude of allegations of procedural and historical missteps, many of which fall outside the record. It appears that Enright's claims can be boiled down to four general categories: 1) delay, 2) denial of hearing, 3) conduct of her postconviction counsel, and 4) other extraneous matters. We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Bingman v. State*, 2005 MT 272, ¶ 8, 329 Mont. 151, ¶ 8, 122 P.3d 1235, ¶ 8.

¶12 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and record before us that Enright's appeal lacks merit because the findings of fact are supported by substantial evidence, that the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted, and there was no abuse of discretion by the District Court.

¶13 We affirm the judgment of the District Court.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON