DA 11-0182

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 280N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GARY DALE BRADLEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 02-079; DC 02-108
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Gary D. Bradley (self-represented litigant); Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Appellate Services Bureau Chief, Helena, Montana

          Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs:  September 22, 2011

Decided:  November 8, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gary Dale Bradley (Bradley) appeals from a March 2011 order of the Montana Twelfth Judicial District, Hill County, denying as untimely his motion for post-conviction relief.

¶3 Bradley was arrested and charged with DUI, fourth or subsequent offense in August 2002 (DC-02-079). He posted bail and was soon thereafter arrested and charged with an additional count of DUI, fourth or subsequent offense (DC-02-108). He then jumped bail until his arrest in August 2003. The District Court sentenced Bradley to two consecutive commitments of 13 months, plus two years suspended for each charge, to the Department of Corrections (DOC).

¶4 Upon nearly serving both of the 13-month commitments, Bradley's suspended two-year commitments were revoked in August 2006 after he was charged with a new offense. The District Court committed Bradley to the DOC for a two-year period based upon the revocation of the already running DC-02-079 sentence. Upon more violations, the suspended commitment in DC-02-108 was revoked in March 2008. Bradley was

committed to the DOC for two years for "placement in an appropriate program or facility."

¶5 Bradley first wrote in December 2010 to the District Court requesting corrections to his revoked sentence for credit for time served. The District Court issued a correction order on February 10, 2010. Bradley then continued his letters to the court, arguing for a different credit calculation and that his sentence was illegal. The District Court treated the letters as a petition for post-conviction relief and denied any further requests from Bradley as untimely.

¶6 Bradley argues that the September 2006 revocation of both suspended sentences constituted double jeopardy in violation of Mont. Const. art. II, § 25. He also argues that his placement in the Montana State Prison (MSP) after being committed to the DOC "for placement in an appropriate program or facility," imposed a greater sentence upon revocation than that to which he was originally sentenced.

¶7 We review a district court's denial of a post-conviction relief petition to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Parrish*, 2010 MT 196, ¶ 8, 357 Mont. 375, 239 P.3d 957.

¶8 The State raises several challenges to Bradley's appeal, including that it is time barred by § 46-21-102, MCA. The State's argument that Bradley's petition for post-conviction relief was untimely is dispositive in this case. When determining whether a petition for post-conviction relief is timely, we look to the statute of limitations in effect at the time the petition was filed, not to the statute in effect at the time of the conviction.

3

*State v. Whitehorn*, 2002 MT 54, ¶ 44, 309 Mont. 63, 50 P.3d 121. The relevant statute of limitations in this case reads:

> Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:

> (a) the time for appeal to the Montana supreme court expires.

Section 46-21-102(1)(a) (2007), MCA.

¶9 Rule 4(5)(b) of the Montana Rules of Appellate Procedure provides that the time for filing an appeal expires 60 days after judgment is entered pursuant to § 46-18-116, MCA. While Bradley purports to appeal from the District Court's March 2011 order, his argument specifically cites and contests the sentences from the September 12, 2006, and March 17, 2008, revocation orders. As such, the orders of revocation became final for the purposes of post-conviction relief on November 13, and May 16, 2008, respectively. Bradley's first of several letters to the District Court, construed as a petitions for post-conviction relief, arrived on December 13, 2010. Thus, depending on the revocation order used for calculation purposes, Bradley's petition was at minimum two and one-half years, and at the most over 4 years too late. *See Bingman v. State*, 2005 MT 272, ¶¶ 14-15, 329 Mont. 151, 122 P.3d 1235. We agree with the District Court that the petition was time barred.

¶10 Bradley next argues that by placing him in prison, DOC—and in turn, the District Court's sentence—subjected him to a more burdensome sentence upon revocation than that to which he was originally sentenced. *See State v. Tracy*, 2005 MT 128, 327 Mont.

4

220, 113 P.3d 297. In *Tracy*, the offender's suspended sentence committed him to the Department of Corrections. Upon violating conditions of his probation, Tracy's suspended commitment to DOC was revoked and a sentence for the same time period to the MSP was reimposed. This result constituted an *ex post facto* application of sentencing statutes passed after Tracy's offense, thus requiring the sentence to be vacated. *Tracy*, ¶ 20.

¶11 Bradley's reliance upon *Tracy* is misplaced because it does not apply to the factual scenario presented by his case. While the service of Tracy's sentence clearly became more burdensome post-revocation, both Bradley's original suspended sentence and his revoked sentence commit him to the DOC. Upon a fourth or subsequent offense for driving under the influence of alcohol, Montana law requires the offender to be sentenced to the DOC for placement in an appropriate correctional facility or program for a term of 13 months. Section 61-8-731(1)(a), MCA. Importantly, following the initial 13-month placement of the offender in a treatment facility under subsection (2), the DOC may, at its discretion, place the offender in another facility or program including the MSP. Section 61-8-731(6), MCA.

¶12 The fact that DOC has placed him in the MSP simply reflects the fact that Bradley has repeatedly violated his parole despite earlier placements in the Missoula Assessment and Sanctions Center, the Warm Springs Addiction Treatment and Change program, the Helena Pre-Release Center, and the Great Falls Transition Center. In placing him at MSP, the DOC was well within the discretion granted by § 61-8-731(6), MCA. As such,

5

time in the MSP may be more burdensome than that in programs to which Bradley has become accustomed, but it does not constitute an illegal sentence.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶14 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE

6